# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RICHARD WARREN, | CASE NO. 5:24-cv-1844 |
| PLAINTIFF, | CHIEF JUDGE SARA LIOI |
| vs. | MEMORANDUM OPINION AND ORDER |
| SOCIAL SECURITY ADMINISTRATION, | |
| DEFENDANT. | |

Before the Court is the motion of defendant, Social Security Administration, to dismiss the complaint. (Doc. No. 4 (Motion); Doc. No. 4-1 (Memorandum in Support); *see* Doc. No. 5 (Complaint).[1]) Plaintiff, Richard Warren, failed to file a response to the motion, and the time for doing so has passed.

On September 23, 2024, plaintiff filed this action *pro se* against defendant in the Summit County Court of Common Pleas. (Doc. No. 1 (Notice of Removal) ¶¶ 2–3.) Plaintiff appears to challenge determinations made by defendant with regard to his Title II disability insurance payments. Defendant removed the case to federal court under 28 U.S.C. § 1442 (*see id.* ¶ 1), and filed the present motion to dismiss, asserting that this Court lacks subject matter jurisdiction over the case. (Doc. No. 4, at 1.[2]) In the alternative, defendant asserts that the action should be

---

[1] An illegible copy of the complaint was attached to defendant's Notice of Removal. (*See* Doc. No. 1-1.) At the direction of the Clerk's Office, defendant filed a legible copy of the complaint. (Doc. No. 5.)

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

dismissed because plaintiff failed to exhaust his administrative remedies, and, to the extent plaintiff is challenging the deduction of Medicare Part B premiums, defendant argues that it does not administer the Medicare Part B Program and cannot, therefore, afford plaintiff the relief he seeks. (*Id*. at 1.) For the reasons stated below, the unopposed motion to dismiss is granted.

## I. BACKGROUND

Plaintiff's hand-written complaint is difficult to decipher. Plaintiff states that, in 2002, he received paperwork from the Social Security Administration stating that he would receive $1,995.32 per month if he was unable to work. (Doc. No. 5, at 2–3.) According to plaintiff, he put the letter on top of his dresser and went to work as an industrial engineer. (*Id*. at 3.) He indicates he worked thirteen to fourteen years and received another letter from the Social Security Administration saying he would be receiving $2,895.75. (*Id*.) Plaintiff further claims that whenever he would go to an office of the Social Security Administration, staff would give him false information. (*Id*.) He contends he was advised he made only $20,000.00 per year, which he disputed by noting that industrial engineers make much more than that amount. (*Id*.) Plaintiff then inquired as to why defendant was taking money from him and was told that it was because he was working. He states he was paying defendant back $12,000.00 because he was working. (*Id*. at 4.)

In addition to asserting these general factual allegations, plaintiff references the Eighth Amendment, the Sixth Amendment (speedy trial), the First Amendment (freedom of religion, freedom of speech, right to peaceably assemble, and right to petition the government), and Ohio Rev. Code §§ 2323.311, 2716.05, 2913, and 4112.05. He estimates defendant has taken

$300,000.00 in total from him; however, he is seeking damages of $3,000,000.00 for mental anguish.

In its motion to dismiss, defendant explains that, in 2010, the Social Security Administration determined that plaintiff was entitled to disability insurance under Title II of the Social Security Act. (Doc. No. 4-1, at 1.) That award was made retroactive to September 2007. (*Id.*) Prior to 2007, plaintiff received supplemental payments under Title XVI of the Social Security Act but ceased to be eligible for those payments in 2014. (*Id.*)

In 2016, the Social Security Administration reviewed plaintiff's work activity from August 2013 through February 2016 and determined he may not have been eligible for disability insurance benefits for some or all of that period of time. (*Id.* at 1–2 (citing 4-2 (Declaration of Timothy Kaftanic)[3] ¶ 5 & Ex. A (Letter of Ineligibility)).) In March 2016, the Social Security Administration informed plaintiff that due to his employment, he was overpaid disability insurance benefits in the amount of $14,855.40. (*Id.* at 2 (citing Doc. No. 4-2 ¶ 6 & Ex. B (Letter of Overpayment)).) Plaintiff became eligible again for benefits in April 2017. The overpayment is being collected from plaintiff in monthly increments of $50.00, which is subtracted from his disability benefit payments. (*Id.* at 2.) Plaintiff did not request reconsideration of the overpayment but, in May 2021, plaintiff requested that the Social Security Administration waive collection of the overpayment. (*Id.* (citing Doc. No. 4-2 ¶ 7 & Ex. C (Waiver Request)).) Defendant denied his request. (*Id.* at 2 (citing Doc. No. 4-2 ¶ 8 & Ex. D (Denial Letter)).) It appears that plaintiff may

---

[3] Timothy Kaftanic is employed by defendant as an RSI Program Specialist in the Center for Disability, Integrity and Program Support, and states he has reviewed and is familiar with defendant's electronic records relating to plaintiff's claim for benefits. (Doc. No. 4-2 ¶¶ 1, 3.)

be alleging that he informed the Social Security Administration of his work activity, which then resulted in the overpayment assessment.

Defendant filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that this Court lacks subject matter jurisdiction over plaintiff's complaint. Defendant contends that the doctrine of derivative jurisdiction applies when an action is removed by a federal government defendant under 28 U.S.C. § 1442. (Doc. No. 4-1, at 4.) Defendant maintains that the Summit County Court of Common Pleas lacked subject matter jurisdiction over this case, and this Court, therefore, also lacks subject matter jurisdiction under the doctrine of derivative jurisdiction.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) challenges a court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the U.S. Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citation omitted).

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. Fed. R. Civ. P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. *See In re Title Ins. Antitrust Cases*, 702 F. Supp. 2d 840, 884–85 (N.D. Ohio 2010)

(citing *Ohio Hosp. Ass'n v. Shalala*, 978 F. Supp. 735, 739 (N.D. Ohio. 1997)). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id*. A challenge to subject matter jurisdiction may be considered a factual attack when the attack relies on extrinsic evidence, as opposed to the pleadings alone, to contest the truth of the allegations. *Id*. The plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

Moreover, federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990), and may not entertain an action over which jurisdiction is lacking. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982). Defects in subject matter jurisdiction may even be addressed by the court on its own motion at any stage of the proceedings. *Curry v. U.S. Bulk Transport., Inc*., 462 F.3d 536, 639–40 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988).

Here, defendant presents a factual attack to this Court's jurisdiction. It is, therefore, appropriate to consider the affidavit and administrative records attached to the motion to dismiss, in order for the Court to satisfy itself of its jurisdiction. *See Nichols v. Muskingum Coll*., 318 F.3d 674, 677 (6th Cir. 2003) (holding that, on a factual attack, a district court may consider evidence outside the pleadings to determine if jurisdiction exists (quotation marks and citation omitted)). Additionally, because defendant's motion presents a factual challenge to jurisdiction, there is no

presumption of truthfulness in favor of the non-moving party. *U.S. v. A.D. Roe Co.*, 186 F.3d 717, 722 (6th Cir. 1999).

### III. DISCUSSION

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). Jurisdiction over any suit against the United States or an agency of the United States Government, such as the Social Security Administration, requires a clear statement from Congress that the United States waives sovereign immunity for the claims the plaintiff is asserting. *Id.*; *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472, 123 S. Ct. 1126, 155 L. Ed. 2d 40 (2003) (citation omitted); *see also Fed. Exp. Corp. v. U.S. Postal Serv.*, 151 F.3d 536, 539 (6th Cir. 1998) ("The federal courts may exercise subject matter jurisdiction over a cause prosecuted against a federal agency only if the United States has consented to be sued by waiving sovereign immunity." (citation omitted)). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States v. King*, 395 U.S. 1, 4, 89 S. Ct. 1501, 23 L. Ed. 2d 52 (1969) (citing *United States v. Sherwood*, 312 U.S. 584, 61 S. Ct. 767, 85 L. Ed. 1058 (1941)); *Soriano v. United States*, 352 U.S. 270, 276, 77 S. Ct. 269, 1 L. Ed. 2d 306 (1957).

The plaintiff bears the burden to "identify a waiver of sovereign immunity in order to proceed against the United States. If he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). To demonstrate a waiver, the plaintiff must point to some federal statute waiving sovereign immunity for the claims he seeks to assert. In short, absent an act of Congress, a private party may not sue the United States.

*Ryan v. McDonald*, 191 F. Supp. 3d 729, 736 (N.D. Ohio 2016) (citing *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (internal quote omitted)).

Plaintiff does not identify a statute that waives sovereign immunity. He asserts claims under the United States Constitution and the Ohio Revised Code. The United States has not consented to suit under any of the civil rights statutes that authorize an award of damages for constitutional violations, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70–72, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484–86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994), nor has it consented to suit under state statutes. Because plaintiff did not assert a cause of action for which the United States has waived sovereign immunity and consented to suit, this Court lacks subject matter jurisdiction to consider this case.

Furthermore, even if the Court provides an exceptionally liberal construction to plaintiff's complaint and concludes plaintiff attempted to assert claims under the Social Security Act, defendant insists that such an action would still be barred by the derivative jurisdiction doctrine. Under this doctrine, the federal court to which the action is removed has subject matter jurisdiction only to the extent that the state court would have had jurisdiction if the case had remained there. *See Arizona v. Manypenny*, 451 U.S. 232, 242 n.17, 101 S. Ct. 1657, 68 L. Ed. 2d 58 (1981) (finding that where a state court lacks subject matter over a purely state law claim, the federal court cannot acquire jurisdiction after removal even "though the federal court would have had jurisdiction if the suit had originated there" (citations omitted)). Simply put, under this doctrine, the federal court cannot acquire jurisdiction that the state court did not possess.

There can be no dispute that Congress has expressly eliminated the doctrine for cases removed under 28 U.S.C. § 1441. 28 U.S.C. § 1441 ("The court to which a civil action is removed

7

under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."); *see Fed. Home Loan Mortg. Corp. v. Gilbert*, 656 F. App'x 45, 53 (6th Cir. 2016) (Sutton, J. concurring). Congress, however, did not revise § 1442 to contain the same limiting language. Accordingly, "[m]ost circuits hold . . . that [the derivative jurisdiction doctrine] still applies to cases removed under Section 1442, as here." *Cornell v. Social Sec. Admin*., No. 1:23-cv-416, 2023 WL 33276251 (N.D. Ohio May 5, 2023) (collecting cases, including *Howard v. Social Sec. Admin*., No. 5:22-cv-829, 2022 WL 17418151, at *3 n.1 (N.D. Ohio Sept. 21, 2022), *report and recommendation adopted*, 2022 WL 16847434 (N.D. Ohio Nov. 10, 2022)). If a case is removed under § 1442, the federal court's jurisdiction is merely derivative of the state court's jurisdiction. If the state court where the action was originally filed lacks subject matter jurisdiction, therefore, the federal court also lacks jurisdiction over the removed action. *See, e.g., Howard*, 2022 WL 17418151, at *3 n.1; *Dixon v. Opacich,* No. 1:19-cv-502, 2019 WL 1082064, at *1–3 (N.D. Ohio Mar. 7, 2019) (citing cases). This is true even if the federal court would have had subject matter jurisdiction over the case if it had been filed originally in federal court.

Because § 1442 is the basis for defendant's removal, the only question for the Court to resolve is whether the state court in which this case was originally filed had subject matter jurisdiction over plaintiff's claims. The Court has already determined that the United States has not waived sovereign immunity for plaintiff's claims under the United States Constitution and the Ohio Revised Code. Sovereign immunity applies in the state court as well as in federal court, meaning the Summit County Court of Common Pleas did not have subject matter jurisdiction over those claims. To the extent that plaintiff may have been attempting to assert a claim under the

Social Security Act, as defendant suggests, the Common Pleas Court lacked subject matter jurisdiction over that claim as well. Although Congress consented to suit in Social Security cases, it limited jurisdiction for these cases exclusively to federal courts. 42 U.S.C. § 405(g). Those claims could not have been brought in state court. This Court, therefore, could not acquire jurisdiction upon removal.

Once the Court has determined that it lacks subject matter jurisdiction, it cannot proceed further in any capacity but dismissal. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Because plaintiff has failed to demonstrate the existence of subject matter jurisdiction, the complaint must be dismissed. Moreover, because the Court determines that it lacks jurisdiction, it may not reach the other issues—including exhaustion of administrative remedies and failure to properly plead a right to relief—raised in defendant's motion. *Steel Co.*, 523 U.S. at 101–02; *see Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 90 L. Ed. 939 (1946) (explaining that a motion to dismiss for failure to state a claim may be decided only after establishing subject matter jurisdiction because determination of the validity of a claim is, itself, an exercise of jurisdiction).

### IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Doc. No. 4) is granted and this

action is dismissed for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 1915(a)(3), the Court finds that an appeal from this decision could not be taken in good faith.

    **IT IS SO ORDERED**.

Dated: January 22, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**